FILED
CLERK
1:37 pm, Jan 29, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DAVKWAN MCCLAIN,

                Plaintiff,        **ORDER**
                                          2:16-cv-04043 (ADS)

    -against-

NANCY A. BERRYHILL, *Acting Commissioner*
*of Social Security*,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Law Offices of Harry J. Binder and Charles E. Binder, P.C**
*Attorneys for the Plaintiff*
60 East 42nd Street
Suite 520
New York, NY 10165
      By:    Charles E. Binder, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:    Candace Scott Appleton, Assistant United States Attorney

**SPATT, District Judge**:

      The Plaintiff Davkwan McClain (the "Plaintiff") commenced this this civil action pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill (the "Defendant" or the "Commissioner"), the acting commissioner of the Social Security Administration (the "Administration"), that he is ineligible to receive Supplemental Security Income ("SSI").

      The Court notes that the Plaintiff originally named Carolyn W. Colvin as the Defendant in this action, but by operation of law, the present Acting Commissioner, Nancy A. Berryhill is

1

"automatically substituted as a party." FED. R. CIV. P. 25(d); *see also* 45 U.S.C. §405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On July 21, 2016, the Plaintiff filed his complaint. On the civil cover sheet, the Plaintiff's attorneys noted that "the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur[ed] in Nassau or Suffolk County." (Civil Cover Sheet at 2, ECF No. 1-1). However, a review of the complaint, motion papers, and the administrative transcript illustrates that this case does not have any connection to Nassau or Suffolk County.

The Plaintiff lives in Kings County, and lived in Kings County or Queens County during the entire relevant period. The Plaintiff's psychiatrists are all located in either Kings County or Queens County, and he was treated at local area hospitals in those counties. In short, all of the relevant witnesses are located in Kings and Queens counties. The Plaintiff's administrative hearing was originally scheduled to occur in Kings County, but was transferred to New York County for unknown reasons. (Tr. at 128).

The Eastern District of New York encompasses the counties of Richmond, Brooklyn, Queens, Nassau and Suffolk. Courthouses are located in Brooklyn, New York (the "Brooklyn Courthouse") and in Central Islip, New York (the "Long Island Courthouse"). While both the Brooklyn and Central Islip Courthouses can properly exercise jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted rules for the internal management of the Eastern District's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines"), allow for the designation of certain cases as "Long Island Cases." Guidelines Rule 50.1(d). According to the Guidelines, a civil case is properly designated

2

as a Long Island Case if "the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or . . . the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2).

While the Guidelines permit the making of motions aimed at changing the designation of cases, it is important to note that these rules have been adopted for the "internal management" of the court's case load and state specifically that they "shall not be deemed to vest any rights in litigants or their attorneys . . . ." Guidelines Preamble; *see also United States v. Garces,* 849 F. Supp. 852, 860–61 (E.D.N.Y. 1994) (stating that the guidelines are "*not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases" (emphasis in original)). To that end, district courts are empowered with the inherent authority to manage their own dockets. *Dietz v. Bouldin*, -- U.S. --, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016).

As the facts above demonstrate, there is no connection to Long Island here, as the case was not removed from Nassau or Suffolk County, and the cause of action did not arise in substantial part in either of those counties. Therefore, the case should be transferred to the Brooklyn Courthouse. *See Hossain v. Cty. of Nassau*, No. 11-CV-3630 NGG LB, 2011 WL 5027641, at *2 (E.D.N.Y. Oct. 21, 2011) (transferring case from Brooklyn to Long Island *sua sponte* where the plaintiff incorrectly marked the civil cover sheet); *see also Flaherty v. All Hampton Limousine, Inc.*, No. 01 CIV.9939 SAS, 2002 WL 1891212, at *3 (S.D.N.Y. Aug. 16, 2002) (transferring case *sua sponte* to the Eastern District (citing *Mattel, Inc. v. Adventure Apparel,* No. 00 Civ. 4085, 2001 WL 286728, at *5 (S.D.N.Y. Mar. 22, 2001) (holding that a court can transfer venue *sua sponte*))).

Accordingly, the Court respectfully requests that the Clerk of the Court substitute Nancy A. Berryhill, Acting Commissioner of Social Security, as the Defendant, and reassign this case to a judge in the Brooklyn Courthouse.

**SO ORDERED:**

Dated: Central Islip, New York

January 29, 2018

<u>  /s/ Arthur D. Spatt  </u>

ARTHUR D. SPATT

United States District Judge